IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KELLY HEIM,

            Plaintiff,

vs.

BNSF RAILWAY COMPANY,

            Defendant.

8:13CV369

MEMORANDUUM AND ORDER

On February 18, 2015, the court held a hearing on the parties' pending motions.

During the hearing, the court summarily denied the railroad's motion to strike, (Filing No. 82), and granted the plaintiff's motion for leave to file a reply, (Filing No. 85).

The court heard the parties' arguments on the remaining motions and, for the reasons stated on the record:

--     Denied the railroad's motion to compel, (Filing No. 51); and

--     Denied the plaintiff's motion to amend the final progression order, (Filing No. 78); The plaintiff failed to show the requisite due diligence justifying any continuance of the motion to compel deadline set forth in the court's progression order. Sherman v. Winco Fireworks, Inc., 532 F.3d 709 (8th Cir. 2008).

As to the railroad's motion for protective order, (Filing No. 59), the court found the plaintiff's noticed 30(b)(6) deposition to explore the railroad's alleged national policy of assessing points against employees who claimed a work-related personal injury:

--  was not necessary to prove the plaintiff reported a work-related injury; that fact is not in dispute. See Fed. R. Civ. P. 26(b)(2)(C)(i); and

--  was not relevant as to any claim that assessment of points was an adverse employment action:  1) such a claim was not raised in the complaint and is not before the court (see Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); and 2) based on the testimony of record, the points assessment was used, at most, to evaluate and identify employees needing additional training and for making employment decisions related to termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects.  Spears v. Missouri Dep't of Corr. & Human Res., 210 F.3d 850 (8th Cir. 2000); Koziara v. BNSF Ry. Co., No. 13-CV-834-JDP, 2015 WL 137272, at *1 (W.D. Wis. Jan. 9, 2015).

After reviewing the information provided or pinpointed after the hearing at the court's request, (Filing No. 90-1), specifically the testimony of Samuel Casey Turnbull, the decision-maker, and his understanding of the railroad's point system, the court finds the proposed 30(b)(6) deposition will not reasonably lead to the discovery of relevant information as to the railroad's basis or motive for imposing a Level S 30-Day Record Suspension and a One Year Review Period on the plaintiff.  As to this plaintiff, Turnbull admitted that a points system existed, and he explained its purpose.  But he did not use the system to decide whether to impose a  Level S 30-Day Record Suspension and a One Year Review Period, the points information was never located on any employee's transcript, it was never used as a factor in making employee discipline decisions, and the decision-maker in this case does not know if he even had access to the information without contacting upper management.  (Filing No. 90-1).

"Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, 981 F.2d 377, 380 (8th Cir.1992). Other than pure speculation, the plaintiff has shown no connection between the railroad's decision to impose a Level S 30-Day Record Suspension and a One Year Review Period and the railroad's national points system.

Accordingly,

IT IS ORDERED:

1) The railroad's motion to strike, (Filing No. 82), is denied;

2) The plaintiff's motion for leave to file a reply, (Filing No. 85), is granted;

3) The railroad's motion to compel, (Filing No. 51) is denied;

4) The plaintiff's motion to amend the final progression order, (Filing No. 78), is denied; and

5) The railroad's motion for protective order, (Filing No. 59), is granted.

February 20, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

3